UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW CARTER,<br><br>                            Plaintiff,<br><br>   - against -<br><br>CSTV NETWORKS, INC.<br><br>                            Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Matthew Carter ("Carter" or Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant CSTV Networks, Inc. ("CSTV" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of University of Las Vegas football head coach Tony Sanchez owned and registered by Carter, a Las Vegas based sports and event photojournalist. Accordingly, Carter seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Carter is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 729 Endicott Court, Las Vegas, NV 89123. Carter photographs action sports, portraits, models, corporate events, weddings, and real estate. Carter is also a graphic designer and has worked as a photographer for a wedding chapel on the Las Vegas Strip.

6. Upon information and belief, CSTV is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 28 East 28th Street, New York, NY 10016. Upon information and belief, CSTV is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, CSTV has operated and continues to operate a national digital cable and satellite television station called CBS Sports Network.

## STATEMENT OF FACTS

**A.   Background and Plaintiff's Ownership of the Photograph**

7. Tony Sanchez is the head coach of the University of Las Vegas Rebels football team. He was the head coach of the football team at Bishop Gorman High School in Las Vegas for six seasons where he led Gorman to the Nevada Interscholastic Activities Association 4A championship every season. He was also the winning head coach at the 2014 All American Bowl in San Antonio.

8. On or about August 14, 2014, Carter photographed Sanchez at an evening practice where Sanchez was getting ready for his much anticipated coaching debut against the Northern Illinois University Huskies which was to be nationally televised. It was the Rebels first appeared at Northern Illinois University since 1995. A true and correct copy of said photograph (the "Photograph") is attached hereto as Exhibit A (*Tony Sanchez*).

9. Carter then licensed the Photograph to the Vegas Seven, an online and print publication, and Run Rebs, a Vegas Seven affiliate. On August 27, 2015, the Vegas Seven ran an article that featured the Photograph on its web edition entitled *How Tong Sanchez Made a Career of Assembling Winners*. See http://vegasseven.com/2015/08/27/tony-sanchez-made-career-assembling-winners/ (last visited March 9, 2016). Carter's name was featured in a gutter credit identifying him as the photographer of the Photograph. On August 27, 2015, Run Rebs ran the same article where Carter's name was also featured in a gutter credit identifying him as the photographer of the Photograph. See http://runrebs.com/2015/08/27/how-tony-sanchez-made-a-career-of-assembling-winners/unlv-head-coach-tony-sanchez/ (last visited March 9, 2016). A true and correct copy of the Vegas Seven article with the Photograph and a screen grab of the Run Rebs article with the Photograph is attached hereto as Exhibit B.

10. Carter is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyrights thereto.

11. The Photograph was registered with Copyright Office and was given Copyright Registration Number VA 1-990-691, effective November 24, 2015. A true and correct copy of the Certificate of Registration of the Photograph is attached hereto as Exhibit C (VA 1-990-691).

B. **Defendant's Infringing Activities**

12. Upon information and belief, on or about September 5, 2015, during its live national telecast of the season opener of the *University of Las Vegas Rebels vs. Northern Illinois Huskies* football game, CSTV publically displayed a copy of the Photograph on CBS Sports Network. Upon information and belief, CSTV produced the telecast. CSTV did not license the Photograph from Plaintiff for use during the telecast of the football game nor did it have Plaintiff's permission or consent to display the Photograph during its telecast of the game. A true and correct copy of the Photograph during the live telecast of the football game is attached hereto as Exhibit D.

13. Upon information and belief, CSTV removed Carter's gutter credit and did not attribute the Photograph to anyone.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST CSTV)
## (17 U.S.C. §§ 106, 501)

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. CSTV infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph during its live telecast of the season opener of the *University of Las Vegas Rebels vs. Northern Illinois University Huskies* football game on September 5, 2015 on CBS Sports Network. CSTV is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by CSTV have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION
### (17 U.S.C. § 1202)

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. When the Photograph was published in an article on the Vegas Seven and Run Rebs, the article contained copyright management information protected under 17 U.S.C. § 1202(b).

24. Upon information and belief, on its live telecast of the season opener of the *University of Las Vegas Rebels vs. Northern Illinois University Huskies*, CSTV intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

25. The conduct of CSTV violates 17 U.S.C. § 1202(b).

26. Upon information and belief, CSTV's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by CSTV intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. CSTV also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

28. As a result of the wrongful conduct of CSTV as alleged herein, Plaintiff is entitled to recover from CSTV the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by CSTV because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29. Alternatively, Plaintiff may elect to recover from CSTV statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That CSTV be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That CSTV be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That CSTV be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b)

Dated: Valley Stream, New York
March 9, 2016

LIEBOWITZ LAW FIRM, PLLC
By: /s/ Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Matthew Carter*
